# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KATHRYN LOEWEN,** | CASE NO. 19-cv-00467-YGR |
| Plaintiff, | |
| vs. | **ORDER DENYING MOTION TO REMAND AND FOR COSTS AND FEES** |
| **JOHN MCDONNELL, III, ET AL.,** | Re: Dkt. No. 22 |
| Defendants. | |

Now pending before the Court is plaintiff Kathryn Loewen's ("Loewen") motion to remand to state court and for reimbursement of costs and fees. (Dkt. No. 22 ("Motion").)[1]

Having carefully considered the papers and evidence submitted and the pleadings in this action, and for the reasons set forth below, the Court **DENIES** the motion to remand and for reimbursement of costs and fees.

## I. BACKGROUND

Loewen, a Canadian citizen, filed this action on January 22, 2019 in San Francisco Superior Court, alleging six causes of action against seven defendants in connection with the alleged theft of her company. (Dkt. No. 5 ("Compl."), ¶¶ 1-9, 177-205.) Three of the defendants (John McDonnell III ("McDonnell"), Gary Bender, and Carneros Bay Capital, LLC) are California residents or have their principal place of business in California. (*Id*. ¶¶ 4, 8-9.) The other four (The McDonnell Group, John "Jack" McDonnell, Tony Van Brackle, and Michael Bradley) are citizens of Florida, Utah, and Maryland. (*Id*. ¶¶ 3, 5-7.)

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds the motion appropriate for decision without oral argument.

On January 23, 2019, McDonnell learned that Loewen had initiated the lawsuit. (Dkt. No. 28 ("McDonnell Decl."), ¶ 2.) Between January 23 and 25, 2019, McDonnell communicated with the other defendants regarding how to respond thereto. (*Id*. ¶ 3; Dkt. No. 30 ("Bradley Decl."), ¶ 3; Dkt. No. 29 ("Van Brackle Decl."), ¶ 3.) During these communications, all of the defendants expressed their consent to removing the action from state to federal court. (McDonnell Decl., ¶ 4; Bradley Decl., ¶¶ 4, 6; Van Brackle Decl., ¶¶ 4, 6)

On January 25, 2019, Van Brackle and Bradley were served with the complaint at 1 p.m. Pacific Time and 6:02 p.m. Pacific Time, respectively. (Dkt. No. 22-1 ("Langston Decl."), ¶¶ 1-2, Ex. 1.) The same day, at 6:36 p.m. Pacific Time, McDonnell filed a notice of removal in this Court. (*Id*. ¶ 3.) At the time the removal notice was filed, McDonnell understood, based on his prior communications with his co-defendants, that no defendants had been served. (McDonnell Decl., ¶ 7.)

The notice of removal asserted diversity jurisdiction as the basis for removal. (Dkt. No. 1 ("Notice"), ¶ 5.) The notice further stated that "[a]s of the January 25, 2019, date this Notice of Removal was filed, none of the named defendants have been served with the Complaint in the Action, and therefore are not required to join this motion." (*Id*. ¶ 4.) In a paragraph titled "The Forum Defendant Rule Does Not Apply," the notice asserted that "[t]o the extent [Loewen] cites 28 U.S.C. [section] 1441(b)(2) to argue that the Action may not be removed because certain of 'the parties in interest properly joined and served as defendants [are] citizen[s] of the state in which such action is brought,' that argument fails because none of the defendants, including McDonnell, has been served with the Complaint." (*Id*. ¶ 9.) In addition, the removal notice provided that, in compliance with 28 U.S.C. section 1446(a), a copy of the state court complaint was attached as Exhibit A. (*Id*. ¶ 1.) The attachment contained a cover sheet marked "Exhibit A," followed by several blank pages. (Dkt. No. 1-1.)

On January 26, 2019, Bender and Carneros Bay, both California citizens, were served with the complaint. (Dkt. No 31-1 ("Supplemental Langston Decl."), ¶ 2, Ex. 1.) On January 27 and 28, 2019, a process server twice attempted, but failed to effectuate, service at McDonnell's

1   home.  (Supplemental Langston Decl., Ex. 2.)  McDonnell filed a corrected Exhibit A to the notice
2   of removal, which included a copy of the complaint, on January 28, 2019.  (Dkt. No. 5.)
3   On January 31, 2019, after retaining McDonnell's counsel to represent them in this action,
4   the non-removing defendants, including Bradley and Van Brackle, filed a notice of consent to
5   removal.  (Dkt. No. 8 ("Consent"); *see also* McDonnell Decl. ¶¶ 9-10; Van Brackle Decl. ¶¶ 8-9;
6   Bradley Decl. ¶¶ 8-9.)  In the notice of consent, the non-removing defendants stated that they
7   "ha[d] consented to the removal" prior to McDonnell filing the notice of removal.  (Consent, at 2.)
8   They also "affirm[ed] their unanimous consent to said removal."  (*Id*.)  Loewen thereafter filed
9   the instant motion seeking remand of the case back to state court.

## II. LEGAL STANDARD

Under 28 U.S.C. section 1441(a), "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction, may be removed by [a] defendant . . . to [a federal] district court[.]"  *See Rodriguez v. AT & T Mobility Servs. LLC,* 728 F.3d 975, 977 (9th Cir. 2013) ("A defendant may remove to federal district court an action first brought in state court when the district court would have original jurisdiction[.]").  As is relevant here, federal courts have original jurisdiction over cases in which there is complete diversity of citizenship between the parties.  28 U.S.C. § 1332.  "A civil action otherwise removable solely on the basis of [diversity] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the [s]tate in which such action is brought.  28 U.S.C. § 1441(b)(2).

With respect to the procedure for removal, a case may be removed "within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order[,] or other paper from which it may first be ascertained that the case is one which is . . . removable."  *Id.* § 1446(b)(3).  The removing party must file a notice "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  *Id*. § 1446(a).  Further, "[w]hen a civil action is removed [] under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."  *Id*. § 1446(b)(2)(A).

To protect the jurisdiction of state courts, removal jurisdiction must be strictly construed in

3

favor of remand. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). Thus, if there is any doubt as to the right of removal, the case should be remanded. *See Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). "The party seeking removal bears the burden of establishing federal jurisdiction." *Id.*

**III. DISCUSSION**

Loewen raises several objections to removal of this case. First, she argues that removal was improper because Bradley and Van Brackle, who were served prior to removal, did not join in or consent to removal as required by 28 U.S.C. section 1446(b)(2)(A). Second, Loewen contends the removal notice was defective because it failed to explain accurately the absence of Bradley and Van Brackle's joinder in or consent to removal. Third, Loewen argues that removal was inappropriate under 28 U.S.C. section 1441(b)(2) because Bender and Carnereos Bay are in-state defendants and were served before the case was properly removed.

The Court considers each argument in turn.

**A.  The Unanimity Rule (28 U.S.C. § 1446(b)(2)(A))**

The Court first considers whether the defendants have satisfied section 1446(b)(2)(A), known as the "unanimity rule." Under the unanimity rule, "all defendants who have been properly joined and served must join in or consent to the removal of [an] action." 28 U.S.C. § 1446(b)(2)(A).[2] Loewen has provided persuasive evidence that Van Brackle and Bradley were properly served with the complaint on January 25, 2019, at 1:00 p.m. and 6:02 p.m. Pacific Time, respectively. (Langston Decl., ¶¶ 1-3.)[3] Thus, the plain language of the unanimity rule requires that Bradley and Van Brackle have joined in or consented to removal.

---

[2] Defendants who are "nominal, unknown or fraudulently joined parties" need not join the petition for removal. *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). The defendants have not argued that this case falls under any of these exceptions, nor has the Court found any evidence of the same.

[3] The defendants question the validity of the proof of service for Van Brackle, noting that it was prepared four days after service and lists an "oddly round number" for the time of service. (Opp., at 12, n.19.) Such conjecture, without more, is insufficient to persuade the Court that Van Brackle's proof of service, which was completed by a process server under penalty of perjury, is inaccurate or fabricated.

4

The defendants argue that they satisfied the unanimity rule in three ways. First, the defendants assert that the unanimity rule was satisfied because Bradley and Van Brackle conveyed their "unequivocal consent" to McDonnell prior to removal. (Dkt. No. 26 ("Opp."), at 5-6; *see also* McDonnell Decl., ¶¶ 3-4, 6-7; Bradley Decl., ¶¶ 3-4, 6; Van Brackle Decl., ¶¶ 3-4, 6.) However, it is undisputed that neither Bradley nor Van Brackle manifested their consent ***to the Court*** prior to or contemporaneously with removal. While courts in this and other jurisdictions disagree as to what constitutes sufficient evidence of consent, "all courts require, at a minimum, that consent to removal be expressed directly to the court by the parties themselves." *Dubon v. HBSC Bank Nevada, N.A.*, No. 05-2799 SC, 2005 WL 2249902, at *3 (N.D. Cal. Sept. 15, 2005). Thus, discussion between co-defendants prior to removal, without more, is insufficient to satisfy the unanimity rule.

Second, the defendants argue this Court should employ a less restrictive view of section 1446(b)(2)(A) and find that any failure to obtain Bradley and Van Brackle's consent prior to removal was excusable because McDonnell "exercise[d] reasonable diligence to ascertain if other defendants ha[d] been served," and accordingly, whether he needed to obtain their consent. (Opp., at 12, quoting *AGI Pub., Inc. v. HR Staffing, Inc.*, No. 1:12-CV-00879-AWI, 2012 WL 3260519, at *4 (E.D. Cal. Aug. 8, 2012).) Loewen counters that McDonnell failed to undertake a reasonable investigation to determine whether his co-defendants had been served at the time of removal. (Motion, at 6.)

District courts vary in their findings as to "the extent of a removing defendant's duty to ascertain whether co-defendants have been served at the time the notice of removal is filed." *Vargas v. Riley*, No. 18-CV-00567-JST, 2018 WL 2267731, at *3 (N.D. Cal. May 17, 2018) (quoting *Lewis v. HSBC Bank USA, N.A.*, No. CV 17-00234 DKW-KSC, 2017 WL 3671279, at *3-4 (D. Haw. Aug. 25, 2017)). "[M]any courts . . . find that diligence is lacking when removing defendants merely check the state court record for proofs of service as to co-defendants. . . . Other courts allow removing defendants to rely on the state court docket for filed proofs of services." *Id.*; *see also Lopez v. BNSF Ry. Co.,* 614 F.Supp.2d 1084, 1089 (E.D. Cal. 2007) ("Defendants did not have a duty to contact Plaintiffs' counsel to investigate whether the remaining defendants were

5

served."); *Orozco v. Equifirst Corp.,* No. CV 08–8064 PA (CWx), 2008 WL 5412364, at *1 (C.D. Cal. Dec. 22, 2008) ("A removing defendant must exercise due diligence to ascertain if other defendants have been served, and simply checking if a proof of service has been filed with the court is insufficient."); *Barbera v. WMC Mortg. Corp.,* No. C 08–02677 SBA, 2009 WL 742843, at *2 (N.D. Cal. Mar. 18, 2009) ("[T]he obligation to join all defendants is based on whether the defendant actually has been served, not on the subjective knowledge of the removing party.").

Here, defendants contend that McDonnell's counsel checked the state court docket for proofs of service, but they have not specified ***when*** counsel last checked the docket prior to removal.[4] At most, the defendants assert that McDonnell confirmed no other defendant had been served before his counsel ***began to prepare*** removal papers. (Opp., at 12.) This assertion is insufficient to demonstrate that McDonnell exercised reasonable diligence to confirm whether his co-defendants had been served before fling the removal notice. *See AGI Pub., Inc. v. HR Staffing, Inc.*, No. 1:12-CV-00879-AWI, 2012 WL 3260519, at *5 (E.D. Cal. Aug. 8, 2012) (finding no reasonable diligence where removing defendant reviewed the state court docket eight days before filing the removal notice). Moreover, the defendants' argument that McDonnell's counsel was "unable to contact any other defense counsel to triple-check on service" fails to persuade. (Opp., at 12.) McDonnell concedes that he communicated with his co-defendants regarding how to respond to the complaint in the days leading up to filing of the notice of removal. (McDonnell Decl., ¶ 3; Bradley Decl., ¶ 3; Van Brackle Decl., ¶ 3.) Under the circumstances, it is reasonable to expect McDonnell or his counsel to contact the other defendants immediately before filing the removal notice to confirm they had not been served. *See Pianovski v. Laurel Motors, Inc.,* 924 F.Supp. 86, 87 (N.D. Ill. 1996) ("[The removing defendant] should have taken further action to determine whether [the co-defendant] had been served, such as attempting to contact [the co-defendant]."). Thus, McDonnell's efforts to confirm whether his co-defendants had been served do not excuse his failure to obtain the joinder or consent of Bradley and Van Brackle prior to

---

[4] Moreover, the *filing* of proofs of service is often delayed when compared to service itself.

6

removal.[5]

Third, the defendants argue that the notice of consent filed by the non-removing defendants on January 31, 2019 cured any lack of consent in the notice of removal. (Opp., at 6, 8-9.) Loewen counters that consent of all served parties is a prerequisite to removal, and thus, the defect in the notice of removal cannot be cured. (Dkt. No. 31 ("Reply"), at 14-15.)

The Court finds Loewen's argument unavailing. The Ninth Circuit has repeatedly held that defects in removal may be cured within a 30-day period after a defendant receives notice of the complaint. *See Prize Frize, Inc. v. Matrix (U.S.) Inc.,* 167 F.3d 1261, 1266 (9th Cir. 1999), *superseded by statute, on other grounds, as recognized in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006) (finding lack of unanimous consent rendered removal improper where defect was not cured within 30-day statutory period permitted for joinder); *Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011) (holding that if all defendants properly joined and served do not join in or consent to removal, a "district court may [still] allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of judgment"); *see also Ireland v. Centralbanc Mortg. Corp.*, No. 5:12-CV-02991 EJD, 2012 WL 4181418, at *3 (N.D. Cal. Sept. 18, 2012) ("A clear statement in the Notice of Removal [explaining the absence of co-defendants] could have prevented this motion altogether. But the shortcoming in jurisdictional allegations is not fatal here because they can be easily cured by amendment."). Further, non-removing defendants may express their consent to removal in a variety of ways, as long as they manifest consent within the statutory period. *See, e.g.*, *Cobian-Perez v. Pers. Protective Servs., Inc.*, No. C-13-5162 EMC, 2014 WL 342660, at *4 (N.D. Cal.

---

[5] The defendants offer as evidence a printout of the state court docket dated March 8, 2019, showing that no proof of service had been filed on the docket as of the time of removal. (Opp., at 12.) The Court recognizes that even if McDonnell or his counsel had checked the state court docket immediately prior to filing the notice of removal, he would not have been aware that Bradley and Van Brackle had been served. However, in this case, where McDonnell was already in contact with the co-defendants, reliance on the state court docket alone is insufficient to establish diligence. *See Ligutom v. SunTrust Mortg.*, No. C10-05431 HRL, 2011 WL 445655, at *4 (N.D. Cal. Feb. 4, 2011) (finding it unreasonable for removing defendant to rely on docketing of proof of service because it fails to take into account delays between filing the proof of service and appearance on the docket).

7

Jan. 28, 2014) (where non-removing defendant was properly served prior to removal but failed to convey consent in the removal notice, removing defendant cured the defect by submitting a declaration "stating that, post-removal, he received an e-mail from counsel for [the non-removing defendant] stating that he consents to removal"); *Gerawan Farming, Inc. v. Worrel & Worell*, No. 1:10CV02011 AWI DLB, 2011 WL 202453, at *2 (E.D. Cal. Jan. 20, 2011) ("An answer filed within the specified time [set forth in section 1446(b)] may be deemed consent of the non-joining defendant to removal."); *Manikan v. Pac. Ridge Neighborhood Homeowners Ass'n*, No. 17-CV-00467-BEN-BLM, 2017 WL 2953958, at *3 (S.D. Cal. July 10, 2017) (finding that non-removing defendants manifested consent to removal by "never object[ing] to the removal and, instead, fil[ing] a motion to dismiss under Rule 12(b)(6) within the time period given to oppose removal"); *cf. Foster Poultry Farms, Inc. v. Int'l Bus. Machines Corp.*, No. CIV-F-06-0680 AWI SM, 2006 WL 2769944, at *12 (E.D. Cal. Aug. 1, 2006) (where co-defendant filed written consent and joinder to removal more than 30 days after filing of initial notice of removal, "it [wa]s too late for [defendants] to remedy the mistake").

Here, the non-removing defendants, including Bradley and Van Brackle, filed a notice of consent expressly "affirm[ing] their unanimous consent to [] removal." (Consent, at 2.) The notice of consent was filed January 31, 2019, nine days after the case was filed in state court and six days after Bradley and Van Brackle were served with the complaint. (*Id.*, at 3.) Because all defendants joined and served in the action properly consented to removal well within 30 days of receiving notice of the complaint, their failure to express consent to the Court prior to removal was subsequently cured. *See Ford v. New United Motors Manufacturing, Inc.,* 857 F.Supp. 707, 708 n.3 (N.D. Cal. 1994) ("In removals involving multiple defendants, . . . [a]ll that is required is that each defendant file a document in which the defendant formally concurs with the removal.")[6]

Thus, the Court finds that the unanimity rule has been satisfied.

---

[6] It is not clear exactly when Bradley and Van Brackle first received notice of the complaint. Although Bradley and Van Brackle were not served with the complaint until January 25, 2019, they communicated with McDonnell about the complaint as early as January 23, 2019. Nevertheless, even if Bradley and Van Brackle became aware of the complaint when it was filed on January 22, 2019, the notice of consent was filed within the 30-day statutory period.

8

**B.     Absence of Other Defendants from Removal Notice**

The Court next considers whether McDonnell's notice of removal was defective for failure to explain the other defendants' lack of joinder or consent. The defendants argue that there is no requirement that a removal notice affirmatively explain the absence of other defendants, but that even if there was, this requirement has been satisfied. (Opp., at 11.) Loewen contends that the requirement has not been satisfied because the only statement in the removal notice regarding other defendants was an incorrect statement that no other defendant had been served. (Motion, at 6.)

The defendants challenge Loewen's reliance on a 37-year-old, out-of-circuit case for the proposition that a notice of removal must explain the absence of other defendants. (Opp., at 11, citing *N. Illinois Gas Co. v. Airco Indus. Gases, A Div. Of Airco, Inc.*, 676 F.2d 270 (7th Cir. 1982).) However, the Ninth Circuit has reached the same conclusion, holding that "[w]here fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." *Prize Frize Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999) *superseded by statute, on other grounds, as recognized in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006). Further, this proposition has been repeatedly cited by courts in this district. *See, e.g., Vargas v. Riley*, No. 18-CV-00567-JST, 2018 WL 2267731, at *3 (N.D. Cal. May 17, 2018); *Cobian-Perez v. Pers. Protective Servs., Inc.*, No. C-13-5162 EMC, 2014 WL 342660, at *2 (N.D. Cal. Jan. 28, 2014); *Californians for Alternatives to Toxics v. N. Coast R.R. Auth.*, No. C-11-04102 JCS, 2012 WL 1610756, at *11 (N.D. Cal. May 8, 2012). Thus, under this Court's precedents, McDonnell was required to explain the absence of his co-defendants in the notice of removal.

In the removal notice, McDonnell made two representations regarding his co-defendants. First, the notice of removal states that "[a]s of the January 25, 2019, date this Notice of Removal was filed, none of the named defendants have been served with the Complaint in the Action, and therefore are not required to join this motion." (Notice, ¶ 4.) Second, it asserts that "[t]o the extent [Loewen] cites 28 U.S.C. [section] 1441(b)(2) . . . that argument fails because

none of the defendants, including McDonnell, has been served with the Complaint." (*Id.* ¶ 9.) These statements are sufficient to explain the absence of Bradley and Van Brackle's joinder in or consent to the removal. *See Overholt v. Airista Flow Inc.*, No. 17CV1337-MMA (AGS), 2018 WL 355231, at *6 (S.D. Cal. Jan. 10, 2018) (statement in removal notice that other defendants had not been served was sufficient to explain their absence); *cf. Prize Frize,.*, 167 F.3d at 1266 (where removal notice stated that "many" of the other defendants had not been served properly, the notice was facially deficient for failing to explain why all non-joining defendants had not consented). Moreover, although these statements were inaccurate because Bradley and Van Brackle had been served prior to removal, any resulting defect was cured by the notice of consent, as explained above. *See id.* ("[B]ecause the removal notice was facially defective and the deficiencies uncured within the thirty-day statutory period, removal was improper.").[7]

Accordingly, the Court finds that the notice of removal was not defective for failure to explain the absence of the other defendants' joinder or consent.

### C. The Forum Defendant Rule (28 U.S.C. § 1441(b)(2))

Finally, the Court considers whether removal was appropriate under the "forum defendant rule."

This rule, codified at 28 U.S.C. section 1441(b)(2), provides that a case in which the parties are completely diverse "shall be removable *only if* none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." (Emphasis supplied.) Said another way, under the plain language of section 1441(b)(2), a defendant may not remove a case on diversity grounds if any defendant who is a resident of the forum state has been properly joined and served. *See Monfort v. Adomani, Inc.*, No. 18-cv-05211-LHK, 2019 WL 131842, at *3 (N.D. Cal. Jan. 8, 2019) (citing section 1441(b)(2)).

---

[7] Loewen asserts that by including these inaccurate statements in the removal notice, McDonnell may have violated Federal Rule of Civil Procedure 11, which requires that a removal notice be based on reasonable investigation and be well-grounded in fact and warranted by law. (Motion, at 3.) Although McDonnell's statement was factually inaccurate, and McDonnell failed to exercise sufficient diligence under the *Prize Frize* standard, without more, the Court finds that the defects in the removal notice do not rise to the level of a Rule 11 violation.

In her reply, Loewen argues that although there is complete diversity between the parties, removal is not authorized because three defendants are citizens of California, where the state court action was filed, namely McDonnell, Bender, and Carneros Bay. (Reply, at 4-5.) In so arguing, Loewen urges this Court to reject a strict interpretation of section 1441(b)(2) by ignoring the phrase "properly joined and served." The defendants counter that no basis exists for this court to ignore the plain language of the statute. (Opp., at 13-14.)

As an initial matter, the Court considers the relevant precedent. Although courts outside of this district vary in their interpretation of section 1441(b)(2), "the Northern District of California has consistently held a defendant may remove an action prior to receiving proper service, even when the defendant resides in the state in which the plaintiff filed the state claim." *Sherman v. Haynes & Boone*, No. 5:14-CV-01064-PSG, 2014 WL 4211118, at *1 (N.D. Cal. Aug. 22, 2014); *Monfort*, 2019 WL 131842, at *3 (adopting plain language of section 1441(b)(2)); *Carreon v. Alza Corp.*, No. C 09-5623 RS, 2010 WL 539392, at *1 (N.D. Cal. Feb. 9, 2010) ("Courts in this district have routinely applied [section 1441(b)] as it is written."); *City of Ann Arbor Employees' Ret. Sys. v. Gecht*, No. C-06-7453 EMC, 2007 WL 760568, at *10 (N.D. Cal. Mar. 9, 2007) (denying motion to remand as the court was "constrained by the plain language of § 1441(b)"); *Waldon v. Novartis Pharm. Corp.*, No. C07-01988 MJJ, 2007 WL 1747128, at *3 (N.D. Cal. June 18, 2007) (denying motion to remand and following the "plain text of section 1441(b)"); *Regal Stone Ltd. v. Longs Drug Stores California, L.L.C.*, 881 F. Supp. 2d 1123, 1127 (N.D. Cal. 2012) (denying motion to remand based on plain language of section 1441(b)); *Davis v. Hoffman-LaRoche, Inc.*, No. 13-5051 JSC, 2014 WL 12647769, at *2 (N.D. Cal. Jan. 14, 2014) (recommending to deny motion to remand and stating that courts in this district "have uniformly held that the language of Section 1441(b)(2) is clear: the local-defendant rule applies only to those defendants which have been properly *joined and served*.") (emphasis in original), *report & recommendation adopted*, 2014 WL 12647768 (N.D. Cal. Jan. 31, 2014); *Saratoga Advantage Trust Tech. & Commc'n Portfolio v. Marvell Tech. Grp., Ltd.*, Case No. 15-CV-04881-RMW, 2015 WL 9269166, at *2 (N.D. Cal. Dec. 21, 2015) (denying motion to remand and stating that because the forum defendant "had not been served at the time of removal, the forum defendant

11

rule does not apply"). In the last year, two different courts of appeal have also adopted a plain language interpretation of section 1441(b). *See Encompass Ins. Co. v. Stone Mansion Restaurant Inc.*, 902 F.3d 147, 153-54 (3d Cir. 2018); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 706-707 (2d Cir. 2019).[8]

The Court recognizes that courts in this district have not been perfectly consistent in their approach to section 1441(b)(2). Specifically, Loewen points to *In re Roundup Prod. Liab. Litig.*, No. 16-md-02741-VC, 2019 WL 423129, at *1 (N.D. Cal. Feb. 1, 2019), in which Judge Chhabria granted a motion to remand where forum defendants had removed the case prior to being served. In so holding, Judge Chhabria found that "interpreting [section 1441(b)(2)] to permit removal before service of process would create absurd results." *Id*. *In re Roundup* is not, however, precedential authority in this Court. Moreover, the court's holding in *In re Roundup*, which, unlike this action, is part of a multidistrict litigation proceeding, is not sufficient, by itself, to overcome the strong consensus in this district that the plain language of 1441(b)(2) applies.

Next, the Court must determine whether this is of the "exceptional" cases that warrant ignoring the plain language of the statute and this district's consensus view. *Demarest v. Manspeaker,* 498 U.S. 184, 190 (1991) ("When we find the terms of a statute unambiguous, judicial inquiry is complete except in rare and exceptional circumstances."), *superseded by statutory amendment, on other grounds,* 28 U.S.C.A. § 1821. Loewen argues the plain language does not apply for several reasons.

First, Loewen argues that a strict interpretation of section 1441(b)(2) would undermine the purpose of the forum defendant rule by "allowing defendants to employ gamesmanship, specifically by rushing to remove a newly filed state court case before the plaintiff can perfect

---

[8] Loewen concedes that the Ninth Circuit "has not addressed the interpretation of [s]ection 1441(b)(2) directly" but argues that the Ninth Circuit's decision in *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174 (9th Cir. 1969) supports its position that the plain language of section 1441(b)(2) should be rejected. (Reply, at 9.) The Court disagrees. In *Vitek*, the Ninth Circuit addressed the question of whether the citizenship of unserved defendants should be considered in evaluating whether complete diversity of citizenship exists to support removal. It did not address the prohibition on removal where, as here, there is a local defendant in the action. *See Christison v. Biogen Idec, Inc.*, No. C 11-4382 RS, 2011 WL 13153242, at *1 (N.D. Cal. Nov. 14, 2011) (distinguishing *Vitek* in section 1441(b)(2) case).

12

service on anyone." (Reply, at 8, quoting *Ethington v. Gen. Elec. Co.*, 575 F. Supp. 2d 855, 862 (N.D. Ohio 2008).) The Court recognizes that under certain circumstances, gamesmanship by forum defendants may lead to unfair results. However, "while it might seem anomalous to permit a defendant sued in its home state to remove a diversity action, the language of the statute cannot be simply brushed aside." *Gibbons*, 919 F.3d at 707. Congress may well have written the statute the way it did to balance competing interests in limiting gamesmanship and providing a bright-line rule that would be easy to administer. *Id*. Further, if Congress had wanted to prevent gamesmanship, it could have, for example, given plaintiffs a specific number of days to effectuate service before permitting removal. *Gecht*, 2007 WL 760568, at *9. Without additional evidence regarding Congress' intent in drafting section 1441(b)(2), the Court "cannot conclude that strict adherence to the language of [section] 1441(b) would be plainly at variance with the policy behind the statute." *Id.*[9]

Moreover, nothing in the facts of this case suggest that the forum defendants employed gamesmanship that would justify a departure from the plain language of the statute. Specifically, there is no evidence that Bender or any other representative of Carneros Bay attempted to evade service until the notice of removal was filed. The multiple failed attempts to effectuate service at McDonnell's home took place on January 27 and 28, 2019, two days after removal, which undercuts the argument that McDonnell was intentionally evading service. (Supplemental Langston Decl., Ex. 2.) Further, Loewen could have prevented removal by effecting service on any of the forum defendants contemporaneously with the filing of the complaint. That McDonnell acted quickly to avail himself of the plain language of the statute, for which there is significant precedential support, does not constitute gamesmanship.

Second, Loewen argues that a plain language interpretation would improperly deprive states of sovereignty by infringing on their rights to enforce their own rules of civil

---

[9] Loewen argues that Congress could not have conceived of removal prior to service when it last amended section 1441 in 2011, because the issue "recently developed with the implementation and ubiquity of [] online court dockets." (Reply, at 7.) While it may be true that Congress could not have foreseen that advancements in technology could facilitate expedited removal, nothing precluded Congress from amending the statute after this issue materialized. *Carreon v. Alza Corp.*, No. C 09-5623 RS, 2010 WL 539392, at *2 (N.D. Cal. Feb. 9, 2010).

13

procedure. (Reply, at 10.) The Court disagrees. Although removing a case to federal court strips the state court of jurisdiction over an action, the purpose of the removal statute is to prescribe specific circumstances under which such infringement on state sovereignty is permitted. Here, adherence to the plain language of section 1441(b)(2) would permit the Court to exercise jurisdiction properly over this action to the extent provided for under federal law, and no further. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941) ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined."). Thus, state sovereignty interests do not warrant remand of this action.

Third, Loewen argues that a plain language interpretation of section 1441(b) is improper because it would provide plaintiffs with different rights depending on the state in which the action was filed. (Reply, at 11.) While it is true that different states may have different procedural rules that implicate removal, state-by-state variation is not uncommon in federal litigation, including in the removal context. *Gibbons*, 919 F.3d at 708 (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 44, 354-55 (1999)). It does not follow from this variation that the Court must look beyond the plain language of the rule. *Id*.

Thus, without clear authority from Congress or a higher court, and in keeping with the strong consensus in this district, the Court finds no basis to disregard the plain language of section 1441(b)(2).

Finally, the Court must determine whether, based on the plain language of section 1441(b)(2), this action was properly removed before a forum defendant was joined and served. It is undisputed that McDonnell filed the notice of removal on January 25, 2019. It is also undisputed that the first and only forum defendants to be served were Bender and Carneros Bay, who were served on January 26, 2019. Loewen contends that remand is nevertheless appropriate because the defendants did not actually effectuate removal until January 28, 2019, when McDonnell filed a corrected "Exhibit A" containing a copy of the complaint. (Reply, at 12.)

Under 28 U.S.C. section 1446(a), a party seeking removal must file a notice "containing a short and plain statement of the grounds for removal, together with a copy of all process,

14

pleadings, and orders *served upon* such defendant or defendants in such action." (Emphasis supplied). Here, Loewen has not alleged that McDonnell, the removing defendant, was ever served with a copy of the complaint, triggering the requirement to attach the complaint to the notice of removal. Moreover, the Ninth Circuit has held that failure to attach a state court complaint to a notice of removal is a "de minimis" and "curable" procedural defect that does not warrant remand so long as the notice of removal is timely filed. *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 (9th Cir. 2013). The defect is particularly insignificant here, where McDonnell referred to the complaint as "Exhibit A" in the notice of removal and filed a cover sheet for the exhibit, suggesting that the failure to include the complaint was unintentional. Although the removal statute must be strictly construed, the Court declines to remand this action based on a mere technicality.

Accordingly, the Court finds that removal was effective as of January 25, 2019, before any forum defendant was served. Under the plain language of section 1441(b)(2), removal was therefore proper.

### D. Reimbursement of Costs and Fees

Loewen seeks costs and fees pursuant to 28 U.S.C. section 1447(c), which provides that in granting a motion to remand, a court may award costs and fees incurred as a result of the removal. Because the case was properly removed, Loewen is not entitled to costs and fees.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion to remand and for reimbursement of costs and fees.[10] Defendants' response to the complaint shall be filed by **July 1, 2019**. Further,

---

[10] The defendants seek judicial notice of four exhibits submitted in support of their opposition. (Dkt. 27.) Federal Rule of Evidence 201 allows a court to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed.R. Evid. 201(b). The court **GRANTS** judicial notice as to Exhibit C, a March 8, 2019 printout of the state court docket in this case. *See Porter v. Ollison,* 620 F.3d 952, 954–55 (9th Cir. 2010) (taking judicial notice of state court docket, filings, and disciplinary proceedings); *Struggs v. Hedgpeth*, No. C 11-02191 YGR PR, 2012 WL 4497790, at *1 (N.D. Cal. Sept. 28, 2012) (taking judicial notice of docket entries and pleadings). The Court **DENIES** the request for judicial notice of Exhibits A, B, and D as moot.

15

a Case Management Conference shall be set for **Monday, July 15, 2019** at **2:00 p.m.** in Courtroom 1 of the United States Courthouse located at 1301 Clay Street in Oakland, California.

This terminates Docket Number 22.

**IT IS SO ORDERED.**

Dated: June 5, 2019

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**